IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JANIE ROBINSON, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CIVIL ACTION NO. |
| | : 1:05-CV-2250-RWS |
| FULTON COUNTY, GEORGIA, | : |
| | : |
| Defendant. | : |

**ORDER**

This case is before the Court for consideration of the Final Report and Recommendation [73] of Magistrate Judge C. Christopher Hagy. After reviewing the Report and Recommendation, the Objections [74] thereto, and Defendant's Reply [76], the Court enters the following Order.

In her Objections, Plaintiff points to several instances in which she asserts that Judge Hagy improperly construed disputed evidence more favorably to Defendant, the moving party. First, Plaintiff takes issue with the conclusion that "she has failed to present any evidence that she was subjected to harassment that was sufficiently severe or pervasive to affect a term or condition of her employment and violate Title VII." (R&R at 24). This conclusion was included in the second part of the analysis of Plaintiff's hostile

work environment claim.  In the first part of the analysis, Judge Hagy found Plaintiff alleged that she was subjected to a hostile work environment because she filed multiple EEOC charges against Defendant.  She failed to allege that she was ever subjected to harassment on the basis of her race, sex, religion, or any other class that is protected by Title VII.  Thus, her claim of hostile work environment failed for that reason alone.  See R&R at 23-24.  The Court agrees with this conclusion.

However, Judge Hagy did not end his analysis after reaching this conclusion.  Rather, he went on to analyze whether Plaintiff's hostile work environment claim would have been valid if she were able to show that she was subjected to harassment on the basis of a protected classification.  Within that portion of his analysis, the challenged statement was made.  Assuming that Plaintiff had shown harassment based on a protected classification, her claim would have failed because such treatment was not sufficient to sustain a hostile work environment claim.  Judge Hagy did not construe facts against Plaintiff in this analysis.  He assumed that the acts alleged by Plaintiff did take place and then concluded that those acts were not "sufficiently severe or pervasive to affect a term or condition of her employment and violate Title VII." (R&R at 24).  The Court agrees with Judge Hagy's conclusion.

2

Next, Plaintiff challenges the conclusions that the incidents cited by Plaintiff as adverse employment actions were "petty slights or minor annoyances" that were insufficient to satisfy the requirement of an adverse employment action for a Title VII retaliation claim (R&R at 30) and that "none of the actions that allegedly comprised this 'scheme' to retaliate against Plaintiff rises to the level of an adverse employment action, either alone or considered separately. . ." (R&R at 34).  In Burlington N. & Sante Fe Ry. Co. v. White, 126 S. Ct. 2405, 2415 (2006), the Supreme stated that for a retaliation claim to be actionable, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or reporting a charge of discrimination."  Judge Hagy utilized the White standard in his analysis.  Again, he did not construe the facts against Plaintiff.  He assumed, for purposes of his analysis, that Plaintiff's allegations were true, but simply found that those allegations did not meet the standard of an adverse employment action under White.  The Court agrees with Judge Hagy's conclusion.

Finally, Plaintiff takes issue with the conclusion that "Defendant has presented sufficient evidence to establish that Ms. Hicks made the

3

determination to terminate Plaintiff's employment based on legitimate reasons that were unrelated to Plaintiff's EEOC charges." (R&R at 38). This objection appears to be directed at the conclusion that Plaintiff failed to carry her burden of showing that Defendant's proffered reasons are pretextual. Plaintiff asserts that she submitted evidence that a plan existed to get rid of her, and this evidence is sufficient to establish pretext. The Court adopts the findings made by Judge Hagy in the Report and Recommendation. (R&R at 40-43). The Court agrees that the evidence cited by Plaintiff does not support her claims of pretext.

After reviewing the Report and Recommendation and Plaintiff's Objections thereto, the Report and Recommendation is received with approval and adopted as the Opinion and Order of this Court. Accordingly, Defendant's Motion for Summary Judgment [52] is hereby **GRANTED** and the Clerk is **DIRECTED** to enter judgment in favor of Defendant on all counts of Plaintiff's Complaint.

**SO ORDERED**, this   4th   day of January, 2008.

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)